



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Tamera L. Fine*
*Assistant United States Attorney*
*tamera.fine@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4806*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

February 11, 2014

Katherine Newberger, Esquire
Office of the Federal Public Defender
100 S. Charles St., Tower II, Ste. 1100
Baltimore, MD 21201

      Re:    United States v. Justin Stevens
               Criminal No. ELH-13-0482

Dear Ms. Newberger:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by February 28, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1.    The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with Distribution of Child Pornography under 18 U.S.C. § 2252(a)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a.  On or about the date listed in the Indictment, the Defendant knowingly transported or distributed a visual depiction;

    b.  The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    c.  Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

d.  The depiction is of a minor engaged in sexually explicit conduct; and

e.  The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

<u>Penalties</u>

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a minimum of five years and a maximum of 20 years incarceration, $250,000.00 fine and three years of supervised release. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

<u>Waiver of Rights</u>

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

-2-

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that pleading guilty will likely have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States. *If convicted, defendant will be required to register as a sex offender as required by law.*

Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. '§§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a.   The base offense level under the sentencing guidelines is 22, pursuant to U.S.S.G. §2G.2.2(a)(2).

   b.   Under U.S.S.G. §2G.2.2(b)(2), there is an upward adjustment of 2 levels due to the fact that the material involved a pre-pubescent minor or a minor who had not attained the age of 12 years.

   c.   Under U.S.S.G. §2G.2.2(b)(3)(F), there is an upward adjustment of 2 levels for distribution other than that covered by U.S.S.G. §2G2.2(b)(3)(A)-(E).

   d.   Under U.S.S.G. §2G.2.2(b)(6), there is an upward adjustment of 2 levels due to the fact that the offense involved the use of a computer.

   e.   Under U.S.S.G. §2G2.2 (b)(7)(D), there is an upward adjustment of 5 levels due to the fact that the offense involved possession of 600 or more images.

   f.   This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

   g.   The adjusted guidelines level for Count One is 30.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Forfeiture

*[handwritten annotation: except collections photos videos including his iPad except of personal family and his tapes and phone any (KTN) VHS cell phone any contents KTN]*

11.     The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on January 30, 2013, including, but not limited to: a HP Pavilion G-series laptop computer, serial number CNF129XT2 and a Seagate external hard drive, serial number NS0CMK5P. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Restitution

12.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

-5-

b.  The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the sentencing range for guidelines level 30; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the sentencing range for guidelines level 30.

c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

14.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (a) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (b) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (c) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court

will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Tamera L. Fine
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual Stipulation (Attachment A) and the Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2/14/14
_____          _____
Date                                          Justin Stevens

I am Justin Stevens's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

2/14/14
_____
Date

_____
Katherine Newberger, Esquire

Attachment A
Factual Stipulation

*If this matter had proceeded to trial, the government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

1.  Justin Stevens, age 31, is a resident of Baltimore. (in Wilmington, Delaware)

2.  On January 2, 2013, the investigator, using a computer connected to the Internet, signed into the undercover account on the P2P network and saw that user "Tiggerguy" was sharing files in password protected shared folders entitled "DudesNude" and "New Generation". At this time, SA McCall engaged in chat with user "Tiggerguy." "Tiggerguy" was the user name of Justin Stevens.

3.  The following is an excerpt from SA McCall's chat with "Tiggerguy":

    | | |
    |---|---|
    | SA McCall: | what are u into? |
    | Tiggerguy: | fam yng |
    | Tiggerguy: | perv twisted shit |
    | SA McCall: | awesome |

4.  The Defendant provided SA McCall with the password of "perv" to access his password protected shared folders.

5.  On January 2, 2013, at approximately 8:36AM EST, SA McCall selected 15 video files of child pornography and began to download these files directly from user Stevens's peer to peer network. Most of the downloaded files depicted children engaged in sexually explicit conduct including sexual abuse of children by adults, children engaging in sexual activity with other children, or children posing nude in sexually explicit poses. Eleven of the 15 files depicted children engaged in sexually explicit conduct. By way of example, three of the videos being shared by the Defendant and subsequently downloaded by SA McCall are described as follows:

    a.  "**-dad fuck son vid**" – This moving digital image depicts a naked adult male anally penetrating a naked prepubescent male with his penis. This video was identified by the National Center for Missing and Exploited Children as depicting an identified victim of child exploitation.

    b.  "**! [boy+man] 12y cum gute-sweet suck – sweet boys**" – This moving digital image depicts a minor male performing oral sex on an adult male. The minor male's pants are pulled down and his penis is exposed. The minor male is masturbating himself.

    c. **"!!!!Dad fucks his son 9y very deep – 160406140 – 3vx (4,78)** – This moving digital image depicts a naked adult male penetrating the anus of a naked prepubescent male with his penis.

6. All of the videos downloaded by the investigator were sent to the National Center for Missing and Exploited Children (NCMEC). NCMEC issued a report indicating that three of the fifteen videos downloaded from the Defendant depicted at least one child previously identified by law enforcement as being a victim of child exploitation.

7. During the download of these files, the special agent used a software utility in order to identify the internet protocol (IP) address of user "Tiggerguy." This IP address was traced to Comcast customer Justin STEVENS, 3432 Ash Street, Baltimore, Maryland 21211.

8. A search warrant was obtained for 3432 Ash Street and was executed on January 30, 2013. A computer, multiple external hard drives and other media were seized and subjected to forensic examination. Over 600 images of child pornography were recovered from HP Pavilion G-series laptop computer, serial number CNF129XT2 and a Seagate external hard drive, serial number NS0CMK5P. Images recovered included numerous images of prepubescent children as well as the videos and images downloaded by the undercover agent on January 2, 2013.

9. Also observed in plain sight during the execution of the search warrant was drug paraphernalia, drug packaging and drugs which were tested and determined to be methamphetamine.

I have read this Factual Stipulation and carefully reviewed every part of it. I understand it, and I voluntarily agree to it. It accurately reflects what I did and what the government could prove I did. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_2/14/14_
Date

_Justin Stevens_
Justin Stevens

I am Justin Stevens's attorney. I have carefully reviewed every part of this Factual Stipulation, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_2/14/14_
Date

_Katherine Newberger, Esquire_
Katherine Newberger, Esquire